NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

WANDA ANN WHITE EYES, *Appellant*.

No. 1 CA-CR 14-0162
FILED 5-19-15

Appeal from the Superior Court in Maricopa County
No. CR2012-162355-001
The Honorable Phemonia L. Miller, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Terry J. Adams
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge Kenton D. Jones delivered the decision of the Court, in which Presiding Judge John C. Gemmill and Judge Donn Kessler joined.

---

**J O N E S**, Judge:

¶1 Wanda Ann White Eyes (Defendant) appeals her conviction and sentence for one count of aggravated driving under the influence (DUI).[1] After searching the entire record, Defendant's counsel has identified no arguable question of law that is not frivolous. Therefore, in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), defense counsel asks this Court to search the record for fundamental error. Defendant was afforded the opportunity to file a supplemental brief *in propria persona*, which she elected not to do. After reviewing the record, we find no error. Accordingly, we affirm Defendant's conviction and sentence.

**FACTS[2] AND PROCEDURAL HISTORY**

¶2 In the early morning of December 8, 2012, a Maricopa County Sheriff's Office detective responded to a noise complaint at a bar in Fountain Hills. As the detective was leaving the bar, his attention was drawn to a blue vehicle in the parking lot. He engaged in a conversation with Defendant, who was sitting in the driver's seat, and learned her

---

[1] As pertinent here, a person commits aggravated DUI if she drives while (1) under the influence of intoxicating liquor and is impaired to the slightest degree, and (2) her driver's license or privilege to drive is suspended or revoked. Ariz. Rev. Stat. (A.R.S.) § 28-1383(A)(1) (2015).

[2] "We view the evidence and all reasonable inferences therefrom in the light most favorable to sustaining the jury's verdict[]." *State v. Miles*, 211 Ariz. 475, 476, ¶ 2 (App. 2005).

driver's license was suspended.[3]  The detective advised Defendant not to drive, and proceeded to leave the area.

¶3        Approximately five minutes later, that same detective observed Defendant driving the same blue vehicle she occupied at the bar, and, knowing her license was suspended, initiated a traffic stop.  The detective immediately noticed the odor of alcohol emanating from the vehicle as he approached, which prompted him to request Defendant exit the vehicle.  After Defendant exited, the detective continued to notice the odor of alcohol coming from her.  Defendant also had bloodshot, watery eyes and slurred speech, and swayed while speaking with the detective.  During the course of their conversation, Defendant admitted having consumed two pitchers of beer earlier in the evening.

¶4        Based upon the foregoing, the detective initiated a DUI investigation.  He first administered the Horizontal Gaze Nystagmus (HGN) test to Defendant, which focuses upon the reaction of a person's eyes to certain stimuli.  During the HGN test, Defendant exhibited six of six signs of impairment.  The detective also asked Defendant to perform additional field sobriety tests, but she refused because of a knee injury.  The detective then transported Defendant to the station for a blood draw, which indicated a blood alcohol concentration of 0.07.

¶5        Defendant was convicted by a jury of one count of aggravated DUI, a class 4 felony.  The trial court ordered Defendant to be incarcerated for four months, which she satisfied with her presentence incarceration credit.  The trial court also placed Defendant on supervised probation for a period of three years following her release from custody.

## DISCUSSION

¶6        After reviewing the entire record for reversible error, we find none.  *See Leon*, 104 Ariz. at 300.  Reasonable evidence was presented to support the jury's verdict that Defendant drove while under the influence of alcohol, and that she was impaired to the slightest degree.  The record also demonstrates Defendant's license was suspended at the time of the incident, and that she was aware of the suspension.

¶7        All of the proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure.  Defendant was represented by

---

[3]        At trial, Defendant entered into a stipulation with the State that her license was suspended at the time of the incident, and that she was aware of the suspension.

counsel at all stages of the proceedings and was present at all critical stages. The jury was properly comprised of eight jurors, and the record shows no evidence of jury misconduct. *See* A.R.S. § 21-102(B) (2015); Ariz. R. Crim. P. 18.1(a). At sentencing, Defendant was given an opportunity to speak, and the trial court stated on the record the evidence and materials it considered, as well as the factors it found in imposing sentence. And the sentence imposed was within the statutory limits.

## CONCLUSION

**¶8** Defendant's conviction and sentence are affirmed. After the filing of this decision, defense counsel's obligations pertaining to Defendant's representation in this appeal have ended. Defense counsel need do no more than inform Defendant of the outcome of this appeal and her future options, unless, upon review, counsel finds an issue appropriate for submission to our supreme court by petition for review. *State v. Shattuck*, 140 Ariz. 582, 584-85 (1984).

**¶9** Defendant has thirty days from the date of this decision to proceed, if she wishes, with an *in propria persona* petition for review. *See* Ariz. R. Crim. P. 31.19(a). Upon the Court's own motion, we also grant Defendant thirty days from the date of this decision to file an *in propria persona* motion for reconsideration.

